late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**MEI HUA FANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–5774–AG.**

United States Court of Appeals, Second Circuit.

June 13, 2006.

Charles Christophe, Christophe & Associates, New York, NY, for Petitioner.

Present RALPH K. WINTER, BARRINGTON D. PARKER and REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Mei Hua Fang, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Gabriel Videla's decision denying her application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them

**94**

as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Although we do not find that all of the IJ's adverse credibility factors are supported by substantial evidence, we need not remand the case because we can confidently predict that the IJ would reach the same conclusion absent the error-infected ground. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006). Fang admittedly lied during her first hearing, she admittedly filed a false asylum application, and she admittedly provided a fraudulent abortion certificate in support of her claims. Under these circumstances, it was certainly reasonable for the IJ to question Fang's veracity regarding her claims. Accordingly, the IJ's adverse credibility finding is supported by substantial evidence, and as a result, the IJ reasonably denied Fang's asylum and withholding of deportation claims.

Because Fang's CAT claim was based on the same facts as the asylum and withholding of removal claims, the adverse credibility finding can properly "bleed over" into the CAT claim. *See Xue Hong Yang v. Gonzales,* 426 F.3d 520, 523 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).